**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| Therma-Flite Mfg., LLC | § | CASE NO.       16-33470-H1-11 |
| **DEBTOR** | § | |
| | § | |

**RESPONSE TO CFC, INC.'S**
**MOTION FOR SUBSTANTIVE CONSOLIDATION**

    **COMES NOW**, Eva Engelhart, Chapter 7 Trustee ("Trustee"), and files this *Response To CFC, Inc.'s Motion For Substantive Consolidation* and would show the Court as follows:

<u>*SUMMARY OF RESPONSE*</u>

1)     The Motion Of CFC, Inc. to Substantively Consolidate the various chapter 7 estates is nothing more than an attempt to circumvent the adversary filed against it by the Trustee, seeking avoidance of a fraudulent transfer.  The relief it seeks, even if granted, provides it no relief.

   a)    A Consolidation Order's purpose is to facilitate administration of multiple bankruptcy estates by pooling assets, and thereby providing all creditors a share of the pooled assets, not to destroy defenses and rights which exists prior to the entry of the order of consolidation.  See, e.g., *In re England Motor Co.*, 426 B.R. 176, 188 (Bankr. N.D. Miss. 2010); *Murray Indust., Inc. v. Dept. Of Rev., State Of Florida (In re Murray Indust., Inc.)*, 125 B.R. 314, 317 (Bankr. M.D. Fla. 1991).

   b)    In fact, it would be a violation of due process for an order of substantive consolidation to so destroy those existing rights, such as the rights asserted by the Trustee in the adversary.   See *Murray Indust., Inc.*, at 317.

2)  Second, the basis for CFC, Inc.'s motion relies on a creditor (CFC) attempting to assert rights and claims belonging solely to the estate – remedy of alter ego, and

generally piercing the corporate veil.   See *S.I. Acquisition, Inc. v. Eastway Delivery Service, Inc. (In re S.I. Acquisition, Inc.)*, 817 F.2d 1142 (5th Cir. 1987).

R**ESPONSE**

3)  Trustee admits the factual allegations contained in paragraph 1 of *CFC, Inc.'s Motion For Substantive Consolidation* (the "Motion").

4)  Trustee would refer to the docket of the identified debtor's regarding actions taken by the Court as alleged in paragraph 2 of the Motion.

5)  Paragraph 3 of the Motion does not contain factual allegations that require a response.   Trustee admits that this is a core proceeding, and consent to entry of final orders.

6)  Trustee would refer to the referenced Schedules in paragraph II(A)(3) (*sic*) of the Motion in response to the allegations regarding the content thereof.

7)  Trustee cannot admit or deny the factual allegations contained in paragraph 4 of the Motion, as she can only rely on the statements made in the Debtors' Schedules and Statement of Financial Affairs.

8)  Trustee cannot admit or deny the factual allegations contained in paragraph 5 of the Motion, as she can only rely on the statements made in the Debtors' Schedules and Statement of Financial Affairs.

9)  Trustee denies the factual allegations contained in paragraph 6 of the Motion because the allegations are general in nature and refer to the multiple debtors as one, and each of the facts may not be true as to each individual debtor.

10)  Trustee is unable to admit or deny the factual allegations contained in paragraph 7 of the Motion.

11)  Trustee admits the factual allegations contained in paragraph 8 of the Motion.

12)  Trustee is unable to admit or deny the motives of any of the Debtors prepetition, and is unable to admit or deny what CFC was informed of as alleged in paragraph 9 of the Motion.

13)  Trustee is unable to admit or deny the motives of any of the Debtors prepetition,

and is unable to admit or deny what CFC was informed of as alleged in paragraph 10 of the Motion.

14) Trustee admits, based upon the filed Schedules, that Holdings presently owns the stock/member interests in the other Debtors, and is unable to admit or deny the remaining factual allegations contained in paragraph 11 of the Motion.

15) Trustee denies the factual allegations contained in paragraph 12 of the Motion.

16) Trustee would refer to the filed Schedules and Statement of Financial Affairs by each of the Debtors regarding allegations of their content, and she is unable to admit or deny CFC, Inc.'s understanding as alleged in paragraph 13 of the Motion.

17) Trustee would refer to the recorded testimony from the 341 meeting regarding its content, admits that Manufacturing has no employees, and is unable to admit or deny the remaining factual allegations contained in paragraph 14 of the Motion.

18) Trustee would refer to the Debtors' Statement of Financial Affairs regarding the allegations regarding reported business earnings as alleged in paragraph 15 of the Motion.

19) Trustee admits the factual allegations contained in paragraph 16 of the Motion.

20) Trustee would refer to the filed Schedules of the referenced Debtors regarding the allegations of the presence or non-presence of assets as alleged in paragraph 17 of the Motion.

21) Trustee would refer to the filed Schedules of Holdings regarding allegations of the content of those Schedules in paragraph 18 of the Motion.

22) Trustee would refer to the filed Schedules of Manufacturing regarding the allegations of the content of those Schedules as alleged in paragraph 19 of the Motion.

23) Trustee would refer to the filed Schedules of Therm-Flite, Inc. regarding allegations of the content of those Schedules, and she is unable to admit or deny

CFC, Inc.'s understanding or knowledge as alleged in paragraph 20 of the Motion.

24) Trustee would refer to the Debtors' filed Schedules regarding allegations of the content of those schedules as alleged in paragraph 21 of the Motion.

25) Trustee would refer to the filed Schedules of the identified entities regarding allegations of the content as alleged in paragraph 22 of the Motion.

26) Trustee admits the allegations in paragraph 23 of the Motion as to the *alleged* security interests.

27) Trustee admits that CFC asserts a first priority lien on the real property of Manufacturing as alleged in paragraph 24 of the Motion.

28) Trustee admits the assertion of the lien interests by AEDC, and she would refer to the referenced documents regarding the allegations of the content of those documents as alleged in paragraph 25 of the Motion.

29) Trustee admits the assertion of a lien Southern Bancorp as alleged in paragraph 26 of the Motion.

30) Trustee is unable to admit or deny the knowledge of CFC, Inc., as alleged in paragraph 27 of the Motion.

31) Trustee would refer to the filed Schedules of Therma-Flite, Inc. regarding allegations of the content of those schedules as alleged in paragraph 28 of the Motion.

32) Trustee would refer to the filed Schedules of Therma-Flite, Inc. regarding allegations of the content of those schedules, and she is unable to admit or deny what information has been given to CFC, Inc. as alleged in paragraph 29 of the Motion.

33) Trustee is unable to admit or deny the knowledge of CFC, Inc. as alleged in paragraph 30 of the Motion.

34) Trustee would refer to the filed Schedules of each of the Debtors regarding the content of their schedules as alleged in paragraph 31 of the Motion.

35)  Trustee would refer to the filed Schedules of Therma-Flite, Inc. regarding the content of those schedules as alleged in paragraph 32 of the Motion.

36)  Trustee would refer to the filed Schedules of each of the Debtors regarding allegations of the content of their schedules, and is unable to admit or deny the confusion of CFC, Inc. regarding the meaning of the schedules as alleged in paragraph 33 of the Motion.

37)  Trustee would refer to the filed Schedules of Therma-Flite Texas regarding the content of those schedules as alleged in paragraph 34 of the Motion.

38)  Trustee would refer to the filed Schedules of Therma-Flite Industrial regarding the content of those schedules as alleged in paragraph 35 of the Motion.

39)  Trustee would refer to the filed Schedules of Therma-Flite, Holdings regarding the content of those schedules as alleged in paragraph 36 of the Motion.

40)  Trustee would refer to the filed Schedules of the identified Debtors regarding the content of those schedules as alleged in paragraph 37 of the Motion.

41)  Trustee would refer to the filed Schedules of the identified Debtors regarding the content of those schedules as alleged in paragraph 38 of the Motion.

42)  Trustee would deny there is significant overlap of general unsecured creditors, and would refer to the filed Schedules of the identified Debtors regarding the content of those schedules as alleged in paragraph 39 of the Motion.

43)  Trustee is unable to admit or deny what is likely, and she would refer to the filed Schedules and claims of the identified Debtors regarding the content of those schedules and claims as alleged in paragraph 40 of the Motion.

44)  Trustee would refer to the filed Schedules of the identified Debtors regarding the content of those schedules as alleged in paragraph 41 of the Motion.

45)  Paragraph 42 of the Motion does not contain factual allegations that require a response.

46)  Paragraph 43 of the Motion does not contain factual allegations that require a response.

47) Paragraph 44 of the Motion does not contain factual allegations that require a response.

48) Paragraph 45 of the Motion does not contain factual allegations that require a response.

49) Paragraph 46 of the Motion does not contain factual allegations that require a response.

50) Paragraph 47 of the Motion does not contain factual allegations that require a response.

51) Paragraph 48 of the Motion does not contain factual allegations that require a response.

52) Paragraph 49 of the Motion does not contain factual allegations that require a response.

53) Paragraph 50 of the Motion does not contain factual allegations that require a response.

54) Paragraph 51 of the Motion does not contain factual allegations that require a response.

55) Paragraph 52 of the Motion does not contain factual allegations that require a response.

56) Paragraph 53 of the Motion does not contain factual allegations that require a response.

57) Paragraph 54 of the Motion does not contain factual allegations that require a response.

58) Paragraph 55 of the Motion does not contain factual allegations that require a response.

59) Trustee denies the factual allegations contained in paragraph 56 of the Motion.

60) Trustee denies that there is a high degree of difficulty in identifying property of each estate (schedules have been filed), and she admits the remaining factual allegations contained in paragraph 57 of the Motion.

61) Trustee is unable to admit or deny what difficulty CFC, Inc. is having, and she denies the remaining factual allegations contained in paragraph 58 of the Motion.

62) Trustee would refer to the identified Debtors' Schedules and claims regarding allegations of the content of the schedules and claims, and she denies the remaining factual allegations contained in paragraph 59 of the Motion.

63) Trustee denies the factual allegations contained in paragraph 60 of the Motion.

64) Trustee would refer to the filed Schedules, Statement of Financial Affairs, and filed Claims regarding allegations of what was reported, earned, incurred or spent prepetition, and she denies the remaining factual allegations contained in paragraph 61 of the Motion.

65) Trustee admits that the element of profitability is moot, and denies the remaining factual allegations contained in paragraph 62 of the Motion.

66) Trustee is unable to admit or deny what CFC, Inc. considers significant, and admits the remaining factual allegations contained in paragraph 63 of the Motion.

67) Trustee would refer to the filed Scheduled and filed Claims for the identified Debtors regarding allegations of the content of those schedules and claims, and she denies the remaining factual allegations contained in paragraph 64 of the Motion.

68) Trustee denies the factual allegations contained in paragraph 65 of the Motion.

69) Trustee is unable to admit or deny the history of the board of directors prepetition, admits that it appears that there was some common board members among some of the Debtors on the petition date, and she denies the remaining factual allegations contained in paragraph 66 of the Motion.

70) Trustee admits that some of the Debtors appear to have guaranteed the debt of other Debtors, she is unable to admit or deny whether such guarantees were the contributing factor in allowing continued operations, and she denies the remaining factual allegations contained in paragraph 67 of the Motion.

71) Trustee is unable to admit or deny the *information and belief* of CFC, Inc., is

unable to admit or deny whether the operations of the Debtors required the administration and operation as it occurred, admits that finished goods proceeds appear to have not been remitted to Manufacturing, and she denies the remaining factual allegations contained in paragraph 68 of the Motion.

72) Trustee is unable to admit or deny what management believed or considered, is unable to admit or deny what all the promotional material said or how it referred to the Debtors as she has not been provided all of the material, and she denies the remaining factual allegations contained in paragraph 69 of the Motion.

73) Trustee admits that Holdings owns the stock/member interests of the subsidiaries (based upon the filed Schedules and Statement of Financial Affairs), admits that there is some common management, is unable to admit or deny that Therma-Flite, Inc. financed all of the other Debtors, is unable to admit or deny the allegations regarding grossly inadequate capital, is unable to admit or deny that Therma-Flite, Inc. purchased all assets of all the Debtors, and she denies the remaining factual allegations contained in paragraph 70 of the Motion.

74) Trustee is unable to admit or deny what the customers of the Debtors believed or relied upon, and she denies the remaining factual allegations contained in paragraph 71 of the Motion.

75) Trustee is unable to admit or deny the *information and belief* of CFC, Inc., and she denies the remaining factual allegations contained in paragraph 72 of the Motion.

76) Trustee admits that consolidation will prejudice creditors, admits that creditors have been scheduled by each of the Debtors, and she denies the remaining factual allegations contained in paragraph 73 of the Motion.

77) Trustee would refer to the filed Schedules of each of the Debtors regarding allegations of the content of those schedules as alleged in paragraph 74 of the Motion.

78) Trustee is unable to admit or deny what is clear or unclear to CFC, Inc., and she

would refer to the filed Schedules of the identified Debtors regarding allegations of the content of those schedules as alleged in paragraph 75 of the Motion.

79) Trustee is unable to admit or deny what *appears* or is *apparent* to CFC, Inc., would refer to the filed Schedules of the identified Debtors regarding allegations of the content of those schedules, and she denies the remaining factual allegations contained in paragraph 76 of the Motion.

80) Trustee is unable to admit or deny the expectations or the reliance of prepetition creditors, would refer to the filed Schedules of the identified Debtors regarding allegations of the content of those schedules, and she denies the rmeianing factual allegations contained in paragraph 77 of the Motion.

81) Trustee admits that the creditors of Manufacturing are excluded from collecting from the estate of the other Debtors, would refer to the filed Schedules of the identified Debtors regarding allegations of the content of those schedules, and she denies the remaining factual allegations contained in paragraph 78 of the Motion.

82) Trustee is unable to admit or deny what appears to CFC, Inc., is unable to admit speculation about multiple claims against multiple Debtors, and she denies the remaining factual allegations contained in paragraph 79 of the Motion.

83) Trustee denies the factual allegations contained in paragraph 80 of the Motion.

84) Trustee objects to the request for judicial notice in paragraph 81 of the Motion, as the request is premature, and none of the facts requested are properly subject to judicial notice under Fed. R. Evidence § 201.

85) Paragraph 82 of the Motion does not contain factual allegations that require a response.

**WHEREFORE,** the Chapter 7 Trustee requests this Court to deny the Motion, and to grant the Trustee such other and further relief, at law or in equity, to which she may be justly entitled.

Dated: <u>November 14, 2016</u>

Respectfully submitted,

By:   */s/Johnie Patterson*

Johnie Patterson
SBN #15601700
SPECIAL COUNSEL
FOR THE CHAPTER 7 TRUSTEE

OF COUNSEL:
Walker & Patterson, P.C.
P.O. Box 61301
Houston, TX 77208-1301
(713)956-5577 Phone
(713)956-5570 Fax

## CERTIFICATE OF SERVICE

I, Johnie Patterson, hereby certify that a true and correct copy of the foregoing *Response* was served upon Jonathan Howell, and all other parties-in-interest that receive notice pursuant to the Court's CM/ECF system, by electronic transmission on November 14, 2016.

   */s/Johnie Patterson*
Johnie Patterson