IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| THERMA-FLITE, INC. | § | Case No.: 16-33469 |
| THERMA-FLITE MANUFACTURING, LLC, | § | Case No.: 16-33470 |
| THERMA-FLITE TX, INC. | § | Case No.: 16-33471 |
| THERMA-FLITE INDUSTRIAL, INC. | § | Case No.: 16-33473 |
| THERMA-FLITE HOLDINGS, INC. | § | Case No.: 16-33474 |
| | § | |
| Debtors. | § | (Chapter 7 Cases) |

### CFC INC.'S EMERGENCY MOTION FOR CONTINUANCE

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN THE TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**EMERGENCY RELIEF HAS BEEN REQUESTED.  IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER.  IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**RELIEF IS REQUESTED BY FEBRUARY 9, 2017.**

TO THE HONORABLE DAVID R. JONES, CHIEF U.S. BANKRUPTCY JUDGE:

COMES NOW CFC, Inc. ("CFC"), a secured creditor of debtors Therma-Flite, Inc. ("T-F Inc."), Therma-Flite Manufacturing, LLC ("T-F Mfg."), and their affiliated debtors (together with T-F Inc. and T-F Mfg., the "Debtors"), and hereby files this *Emergency Motion for Continuance* (the "Motion"), respectfully stating as follows:

## I.    FACTUAL AND PROCEDURAL BACKGROUND

1. On July 8, 2016, (the "Petition Date"), the Debtors filed their respective voluntary petitions for Chapter 7 relief in accordance with title 11 of the United States Code, 11 U.S.C. §§ 101, et seq., (the "Bankruptcy Code").

2. On October 21, 2016, CFC filed its *Motion for Substantive Consolidation* [Docket No. 87 case no. 16-33348] (the "Motion for Substantive Consolidation").  On November 14, 2016, Eva Engelhart, Chapter 7 Trustee in T-F Mfg. ("Eva Engelhart") filed her *Response to CFC, Inc.'s Motion for Substantive Consolidation* [Docket No. 77].  On January 6, 2017, the Court entered that certain *Order Granting CFC, Inc.'s Motion for Substantive Consolidation* [Docket No. 97], consolidating the above-named cases into Therma-Flite, Inc. Case No. 16-33496.

3. On January 20, 2017, Eva Engelhart filed her *Motion to Reconsider and Vacate Order of Substantive Consolidation* [Docket No. 85 Case No. 16-33470].  On January 27, 2017, the Court entered that certain *Order Vacating Order Granting Motion for Substantive Consolidation* [Docket No. 86 Case No. 16-33470] (the "Vacating Order").  The Vacating Order initially set a hearing on the Motion for Substantive Consolidation for February 3, 2017, one week from the day the Vacating Order was entered.

4. On January 27, 2017, Janet Northrup, Chapter 7 Trustee in T-F Inc. ("Janet Northrup") filed her *Emergency Motion for Continuance* [Docket No. 101 Case No. 16-33469]

seeking to continue the hearing on the Motion for Substantive Consolidation for a date on or after February 7, 2017.

5. Similarly, on January 30, 2017, CFC filed its *Response in Support of Trustee's Emergency Motion for Continuance* (the "Response in Support") [Docket No. 103 Case No. 16-33469]. Through its Response in Support, CFC requested the Court continue the hearing for a date on or after March 3, 2017. CFC sought the continuance in order to allow CFC sufficient time to conduct discovery pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure, and, more importantly, to allow sufficient time to effect service of process to subpoena witnesses to attend the hearing.

6. On January 30, 2017, the Court entered that certain *Order Granting Emergency Motion for Continuance* [Docket No. 101 Case No. 16-33469], continuing the hearing to 1:00 p.m. on Monday, February 13, 2017.

7. On February 1, 2017, CFC through its attorneys issued a subpoena to appear and testify at a hearing or trial in a bankruptcy case (the "Subpoenas") and the accompanying statutory witness and mileage fees for both Joshua Scott and Ray Dobrosky. A true and correct copy of the Subpoenas and accompany statutory fees are attached hereto as Exhibit "A."

8. CFC hired both a Houston-based court service processor and a national court service processor (collectively the "service processors") to effectuate service of process on both Joshua Scott and Ray Dobrosky. CFC provided the service processors with Joshua Scott and Ray Dobrosky's addresses, produced from the bankruptcy schedules and confirmed from a real property record search. However, the service processors have been unable to effectuate service on either Joshua Scott or Ray Dobrosky, after four failed attempts on both. Indeed, the Houston

service processor informed CFC's counsel that the address listed for Joshua Scott is actually a model home/office within a housing development.

9. CFC asserts that both Joshua Scott and Ray Dobrosky's testimony is necessary and material in support of substantive consolidation, including, but not limited to the Debtors' commingling of assets and business functions, the Debtors' transfers of assets without formal observance of corporate formalities, and T-F Inc.'s financing of the other Debtors. Indeed, Joshua Scott has already provided the material testimony needed in support of substantive consolidation at the Debtors' section 341 of the Bankruptcy Code meeting of creditors and equity holders (the "341 meetings"). However, CFC believes that, although Joshua Scott was under oath and the Trustees had the opportunity—and did in fact—cross-examine him on his testimony[1], Joshua Scott's attendance is necessary to offer the 341 meetings transcripts into evidence.

10. Furthermore, although CFC's discovery requests were served, in accordance with Rule 9014(c) of the Federal Rules of Bankruptcy Procedure, a day after the Order setting the hearing was entered; Eva Engelhart's counsel has not agreed to stipulate that timely responses or responsive documents would be produced within the time-frame allotted.

## II.    RELIEF REQUESTED

11. For the reasons noted above, CFC requests that the hearing on the Motion for Substantive Consolidation be rescheduled for a date on or after February 21, 2017 to provide

---

[1] In fact Eva Engelhart's special counsel, continuously questioned Joshua Scott concerning the operations of the different Debtors and regarding their existence as separate entities and their observance of corporate formalities. Joshua Scott's answer to these questions remained that Therma-Flite collectively operated and acted as a single entity. Therma-Flite Manufacturing, LLC Section 341 Meeting of Creditors 13:11, 24; 15:10; 18:17; 22:17, 23. A true and correct copy of the Therma-Flite Manufacturing, LLC Section 341 Meeting of Creditors transcript is attached hereto as Exhibit "B."

CFC with additional time to locate and formally serve both Joshua Scott and Ray Dobrosky with subpoenas to appear and testify at the hearing on the Motion for Substantive Consolidation.

12. The hearing on the Motion for Substantive Consolidation is scheduled for 1:00 p.m. on February 13, 2017. In addition, CFC's corporate representative, who will testify in the matter, resides in Nicaragua. CFC's corporate representative will need sufficient notice of the hearing date to allow for travel accommodations from Nicaragua to Houston, due to limited flight selections. Therefore, CFC requests court approval of this Motion no later than February 9, 2017.

13. Pursuant to Local Rule 9013-1(i), the undersigned hereby certifies that this Motion is accurate to the best of his knowledge after diligent inquiry.

### III.   PRAYER

WHEREFORE, PREMISES CONSIDERED, CFC respectfully requests that this Court enter an order (i) granting this Motion, (ii) rescheduling the hearing on the Motion for Substantive Consolidation for a date on or after February 21, 2017, and (iii) providing CFC such other and further relief to which it is justly entitled.

RESPECTFULLY SUBMITTED, this 7th day of February 2017,

**GLAST, PHILLIPS & MURRAY, P.C.,**

By: */s/ Charles Adam Brinkley*
Charles Adam Brinkley
Texas Bar No. 24098954
abrinkley@gpm-law.com

14801 Quorum Drive, Suite 500
Dallas, Texas 75254
Telephone: (972) 419-8395
Facsimile: (972) 419-7839

**ATTORNEYS FOR CFC, INC.**

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on February 7, 2017, he spoke with Rhonda Chandler, counsel for Janet Northrup. Ms. Northrup takes no position on the Motion. In addition, the undersigned hereby certifies that on February 7, 2017, he left a voice mail message for Johnie Patterson, counsel for Eva Engelhart. As of the filing of this Motion, he has not received a response.

By: */s/ Charles Adam Brinkley*
         Charles Adam Brinkley

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on this 7th day of February 2017, he caused the foregoing Motion, exhibits and proposed order to be served on all parties receiving electronic notice via the Court's CM/ECF system and upon the parties listed below by electronic mail.

By: */s/ Charles Adam Brinkley*
         Charles Adam Brinkley

| | |
|---|---|
| Johnie Patterson<br>jjp@walkerandpatterson.com<br>Counsel for Eva Engelhart, Chapter 7 Trustee | Tracy Fowler<br>tfowler@bigsteelbox.com<br>Big Steel Box Structures |
| Rhonda Chandler<br>rchandler@hwa.com<br>Counsel for Janet Northrup, Chapter 7 Trustee | Damian Michaelis<br>damian.michaelis@nord.com<br>Nord Gear Corporation |
| John Kooistra<br>jkooistra@williamsanderson.com<br>Counsel for Arkansas Economic<br>Development Commission | Ivan Kroupa<br>ivan.kroupa@kdant.com<br>Kedant Johnson Inc. |
| Joseph M. Fegurgur<br>ttccc@solanocounty.com<br>Solano County Tax Collector | Peter Lando<br>kborofsky@lalaw.com<br>Counsel for Lando & Anastasi, LLP |

Doug Gooding
dgooding@choate.com
Counsel for XPV Water Fund L.P.

Office of the Attorney General
Bankruptcy & Collections Division
bankruptcytax@oag.texas.gov
Texas Workforce Commission

Travis Camp
tcamp@wwgmc.com
W.W. Gay Mechanical Contractor, Inc.

David Pelletier
dpelletier@axley.com
Counsel for Staab Construction Corporation

Joan Ruehle
Joan.ruehle@fulton.com
Fulton

Beth Allen
ballen@prayon.com
Prayon, Inc.

Preston T. Towber
preston@towberlaw.com
Counsel for Unique Leasing Resources LLC,
Unico Mechanical Corp., Historical Arsenal
Park, LLC, Michael Potter and Randy Potter

Hector Duran
Hector.duran.jr@usdoj.gov
U.S. Trustee

Lisa Chandler
lisa.chandler@ipfs.com
IPFS Corporation

Joshua Scott
140.6jrs@gmail.com
Joshua Scott

Tyler Koster
tdkoster@winsupplyinc.com
Pittsburg Winsupply

Grisselle Betancourt
grisselle.betancourt@pb.com
Pitney Bowes Inc.

Bradley Cosman
bcosman@perkinscole.com
Badlands Power Fuels, LLC

Blake Bailey
blake.bailey@phelps.com
KWS Manufacturing Co., Ltd.

David Elder
delder@gardere.com
Counsel for Bank of the West

CFC INC.'S EMERGENCY MOTION FOR CONTINUANCE - Page 7